# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| JAMES F. and KAREN F., on behalf of C.F., a minor, | |
| Plaintiffs, | MEMORANDUM DECISION AND ORDER |
| vs. | |
| CIGNA BEHAVIORAL HEALTH, INC., BANK OF AMERICA GROUP BENEFITS PROGRAMS, | Case No. 1:09CV70 DAK |
| Defendants. | |

This matter is before the court on Plaintiffs' Motion for Award of Prejudgment Interest and for Award of Attorney Fees. The court has carefully considered the memoranda and other materials submitted by the parties. Pursuant to local rule 7-1(f), the court has concluded that oral argument would not be helpful or necessary, and thus the court will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f). Now being fully advised, the court renders the following Memorandum Decision and Order.

## I. PREJUDGMENT INTEREST

The court must determine whether Plaintiff is entitled to prejudgment interest on her benefits. In ERISA cases, the court may award prejudgment interest to "make persons whole for the loss suffered because they were denied use of money to which they were legally entitled." *Caldwell v. Life Ins. Co. of N. Am.*, 287 F.3d 1276, 1286 (10th Cir. 2002). It is well established

in the Tenth Circuit that an award of prejudgment interest is appropriate in ERISA cases where state statutes provide for such payment.[1] *See Allison v BankOne-Denver*, 289 F.3d 1223, 1243-44 (10th Cir. 2002); *Weber v. GE Group Life Ass. Co.*, 541 F.3d 1002, 1016 (10th Cir. 2008) (affirming trial court's use of state's 15% prejudgment interest rate, even when that rate exceeded market rates). The award of prejudgment interest rests in the discretion of the trial court. *Weber* 541 F.3d at 1016.

A two-step analysis governs the determination of such an award: "The district court must first determine whether the award of prejudgment interest will serve to compensate the injured party. *Omasta v. The Choices Benefit Plan*, 352 F. Supp. 2d 1201, 1212 (D. Utah 2004) (Stewart, J) (prejudgment interest is "necessary to compensate the injured party"). Second, even if the award of prejudgment interest is compensatory in nature, the district court must still determine whether the equities would preclude the award of prejudgment interest." *Caldwell*, 287 F.3d at 1286 (internal quotes and citations omitted).

Here, the award of prejudgment interest will serve to compensate Plaintiffs for the loss of the use of the money they expended in paying out-of-pocket for the mental health care of their daughter. In addition, the court finds that the equities do not preclude the award of prejudgment interest. Because the historical rate of return during the relevant time period has been significantly lower than the statutory rate of 10%, however, the court will reduce the prejudgment

---

[1] Utah Code Annotated §15-1-1(2) states that: "Unless parties to a lawful contract specify a different rate of interest, the legal rate of interest for the loan or forbearance of any money, goods, or chose in action shall be 10% per annum."

interest rate to 8% per year.

Plaintiff are therefore entitled to prejudgment interest at a rate of 8% per year, beginning on February 22, 2007.

## II. ATTORNEY FEES & COSTS

### A. Attorney Fees

An award of attorney fees and costs under ERISA is wholly within the court's discretion, 29 U.S.C. § 1132(g)(1). The court is mindful that courts should not, however, grant attorney fees under ERISA as a matter of course. *McGee v. Equicor-Equitable HCA Corp.,* 953 F.2d 1192, 1209 (10th Cir. 1992). Rather, the court should consider the following "nonexclusive list of factors" when determining whether to grant attorney fees and costs under § 1132(g)(1):[2]

> (1) the degree of the offending party's culpability or bad faith; (2) the degree of the ability of the offending party to satisfy an award of attorney fees; (3) whether or not an award of attorney fees against the offending party would deter other persons acting under similar circumstances; (4) the amount of benefit conferred on members of the plan as a whole; and (5) the relative merits of the parties' positions.

*Deboard v. Sunshine Mining and Refining Co.,* 208 F.3d 1228, 1244 (10th Cir.2000). "[T]he five . . . factors are merely guidelines, and while courts need not consider each factor, no single factor should be held dispositive." *McGee,* 953 F.2d at 1209 n.17.

In weighing these factors, an award of attorney fees in this case is appropriate. As for the first and fifth factors, the Defendants acted culpably by applying the wrong criteria in evaluating

---

[2] The United States Supreme Court has stated that these five factors "are not required for channeling a court's discretion when awarding fees under this section," but they may still be used. *See Hardt v. Reliance Standard Life Ins. Co.*, 130 S.Ct. 2149 (2010)

the medical necessity of C.F.'s residential care, ignoring the opinions of C.F.'s treating physicians, and proposing *post* hoc rationale to justify the denial of the Plaintiffs' claims. The court's Order pointed out that the irregularities in the Defendants' handling of the Plaintiffs' claims were significant: "[Defendants'] decision to deny benefits is not grounded on any reasonable basis and is therefore arbitrary and capricious and an abuse of discretion." Order at 12. With regard to the second factor, Defendant CIGNA Behavioral Health is a division of one of the major insurers in the country and it is certainly in a position to pay any award of attorney fees this Court assesses. With regard to the third factor, whether an award of attorney fees against the Defendants would deter other persons acting under similar circumstances, the court finds that an award of attorney fees would indeed deter others acting under similar circumstances. *See Kellogg v. Metropolitan Life Ins. Co.*, 2009 U.S. Dist. LEXIS 86165, *6 (D. Utah 2009); *Ray v. UNUM Life Insurance Company of America*, 224 Fed. Appx. 772; 2007 U.S. App. LEXIS 7234 (10th Cir. 2007).

Thus, the court finds that Plaintiffs are a prevailing party, that an award of fees in appropriate. The court, however, will deduct $332.50 for Mr. Harris' review of the file, which is the only work he performed on the case, and appears to be duplicative of others who also reviewed the file. The court will also deduct $300 for the drafting of discovery requests that were not used, and $100 for a scheduling order that was not used (and which Plaintiffs agree should be deducted). Plaintiffs have conceded that there is a duplicative entry in the amount of $900, which should be deducted. Consequently, Plaintiffs are entitled to all but $1,632.50 of the $32,552.50 requested, for a total of $30,920.00

*B. Costs*

With respect to costs, 28 U.S.C. § 1920 sets forth those items which may be taxed as costs in this ERISA action. *See Allison,* 289 F.3d at 1248-49; *Holland v. Valhi, Inc.*, 22 F.3d 968, 979-980 (10th Cir. 1994). This court "has no discretion to award items as costs that are not set out in section 1920." *Sorbo v. United Parcel Service*, 432 F.3d 1169, 1179 (10th Cir, 2005). Plaintiff has requested $931.52 in costs. The court finds that the postage and on-line research are not recoverable under 28 U.S.C. § 1920, and due to the lack of specificity regarding the photocopying costs, the court will not allow those costs. Thus, the cost award is reduced by $425.02, for a total of $506.5

### III. CONCLUSION

For the foregoing reasons and good cause appearing, IT IS HEREBY ORDERED that Plaintiff's Motion for Award of Prejudgment Interest and for Award of Attorney Fees [docket #45] is GRANTED. The clerk of court is directed to supplement the Judgment in this case with an award of prejudgment interest in the amount of 8% per year, beginning on February 22, 2007. In addition, Plaintiffs are awarded $30,920.00 in attorney fees and $506.50 in costs. The Clerk of Court is also directed to transmit this Order to the Tenth Circuit Court of Appeals.

DATED this 13th day of June, 2011.

BY THE COURT:

_Dale A. Kimball_
DALE A. KIMBALL
United States District Judge